UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YSAIAS QUEZADA-BUCIO,

             Petitioner,

       v.

MICHAEL CHERTOFF, Secretary of the
Department of Homeland Security; and
ALBERTO R. GONZALES, United States
Attorney General,[1]

             Respondents.

CASE NO. C03-3668-RSL

REPORT AND RECOMMENDATION
RE: ATTORNEYS' FEES UNDER 28
U.S.C. § 2412 (EAJA)

I. INTRODUCTION AND SUMMARY CONCLUSION

       Petitioner has filed a Motion for Attorneys' Fees, Dkt. #25, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Respondents oppose the motion, arguing that the Government's position was "substantially justified" for purposes of the EAJA statute, therefore, petitioner does not meet the statutory criteria for an award of attorneys' fees. (Dkt. #42).

       Having considered the materials submitted in support of and in opposition to petitioner's motion, I recommended that the Court DENY petitioner's motion for attorneys' fees.

---

     [1]Michael Chertoff and Alberto R. Gonzales are "automatically substituted" as Respondents. Fed. R. Civ. P. 25(d)(1).

REPORT AND RECOMMENDATION
PAGE – 1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner Ysaias Quezada-Bucio is a native and citizen of Mexico who came to the United States in 1984.  He has been a lawful permanent resident since 1990.  (Dkt. #2 at 2).  On June 5, 2000, he pled guilty to Communication with a Minor for an Immoral Purposes in violation of RCW 9.68A.90.  (Dkt. #2, Ex. 5).  Petitioner served his sentence and was released in 2000.

On August 13, 2003, more than three years after his release from incarceration, U.S. Immigration and Customs Enforcement ("ICE") officers apprehended petitioner for removal proceedings.  (Dkt. #2 at 2).  ICE issued a Notice to Appear charging petitioner with removability from the United States for having committed an aggravated felony as defined in the Immigration and Nationality Act ("INA").  ICE refused to establish a bond amount on the basis that petitioner was subject to mandatory detention under INA § 236(c), 8 U.S.C. § 1226(c), because he had been convicted of an aggravated felony.  On September 9, 2003, an Immigration Judge ("IJ") ordered petitioner removed to Mexico and refused to redetermine bond, also finding that petitioner was subject to mandatory detention under INA § 236(c) due to his conviction of an aggravated felony.  (Dkts. #2 at 2 and #5 at 1-2).  Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA").  (Dkt. #5 at 2).

On November 24, 2003, while his appeal was pending, petitioner filed the instant habeas petition, challenging his detention without bond pursuant to the mandatory detention provision, INA § 236(c).  (Dkts. #1).  Petitioner argued that he was not subject to mandatory detention because he was not taken into immigration custody "when he was released" from state custody as required by the express language of the statute; rather, he was detained more than three years later.  Petitioner asserted that he was eligible for release on bond pursuant to INA § 236(a) based on a prior decision issued by this court, *Pastor-Camarena v. Smith*, 977 F. Supp. 1415 (W.D. Wash. 1997), which held

REPORT AND RECOMMENDATION
PAGE – 2

1   that the "when released" language in the Transitional Period Custody Rules limited the provisions

2   application to aliens "immediately after release from incarceration, not to aliens released many years

3   earlier." *Id.* at 1417.

4        Respondents moved to dismiss, arguing that the Supreme Court had just upheld the

5   constitutionality of the mandatory detention statute in *Demore v. Kim*, 538 U.S. 510, 526, 123 S. Ct.

6   1708, 155 L. Ed. 2d 724 (2003) (holding that the mandatory detention of lawful permanent residents

7   during their removal proceedings does not violate their due process rights). Respondents also

8   asserted that the decision in *Pastor-Camarena* was issued when the Illegal Immigration Reform and

9   Immigrant Responsibility Act ("IIRIRA") amendments had just taken effect, and that the decision

10   applied only to IIRIRA Transition Period Custody Rules ("TCPR") cases and did not extend to future

11   IIRIRA "permanent rules" removal proceedings.[2] Respondents further argued that the decision in

12   *Pastor-Camarena* had been superseded by the BIA's decision in *Matter of Rojas*, 23 I&N Dec. 117

13   (BIA 2001), which held that mandatory detention applies no matter when the alien is taken into

14   custody.

15        On December 24, 2003, the undersigned Magistrate Judge issued a Report and

16   Recommendation ("R&R"), finding that Congress intended mandatory detention to apply only to

17   those aliens taken into immigration custody immediately after their release from state custody, and

18   that petitioner should be provided with an individualized bond hearing pursuant to INA § 236(a).

19   (Dkt. #10). However, shortly before the R&R was posted into the Court's electronic docketing

20   system, respondents filed an additional brief. (Dkt. #9). Because there were only 13 minutes between

21

22                ———————————

23       [2]Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act
("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009, on September 30, 1996. The Act included
Transitional Period Custody Rules that were effective from October 9, 1996 to October 8, 1998,

24   after which the permanent rules, codified at INA § 236, took effect.

25

26   REPORT AND RECOMMENDATION
     PAGE – 3

1   the time the brief was posted and the time the R&R was posted, it did not appear that the undersigned

2   Magistrate Judge had considered the brief before issuing her R&R. (*See* Dkt. #11). Thus, on January

3   8, 2004, respondents filed a Motion for Reconsideration, asking that the R&R be reconsidered to

4   address the issues raised in their reply brief. (Dkt. #11). On January 9, 2004, the Honorable Robert

5   S. Lasnik, Chief United States District Judge, granted respondents' request, and referred the instant

6   proceedings back to the undersigned Magistrate Judge for reconsideration. (Dkt. #12).On February

7   5, 2004, the undersigned Magistrate Judge issued an Amended Report and Recommendation, again

8   finding that petitioner was not subject to mandatory detention because he was not taken into

9   immigration custody when he was released from state custody, and that he should be provided an

10  individualized bond hearing pursuant to INA § 236(a). (Dkt. #16).

11      On February 4, 2004, the day before the Amended R&R was issued, the BIA denied

12  petitioner's appeal of his order of removal. On that basis, respondents filed an Amended Return,

13  Superseding Motion to Dismiss, and Motion to Vacate Report and Recommendation. (Dkt. #17).

14  Respondents argued that the BIA's decision rendered petitioner's removal order administratively final

15  and triggered the 90-day "Removal Period" established by INA § 241(a)(1)(B), 8 U.S.C. §

16  1231(a)(1)(B). Respondents asserted that the statutory authority for petitioner's detention shifted

17  from INA § 236(c) to INA § 241(a)(2), and that his habeas challenge to INA § 236 was rendered

18  moot and should be dismissed.

19      On May 10, 2004, Chief Judge Lasnik issued an Amended Order [Adopting the R&R],

20  Denying Motion to Dismiss and Granting Habeas Petition. *Quezada-Bucio v. Ridge*, 317 F. Supp.

21  2d 1221 (W.D. Wash. 2004). The Court "recogniz[ed] that courts have issued published opinions

22  that reach different conclusions regarding whether detention shifts from INA § 236 to INA § 241

23  when the order of removal becomes 'final' or rather when the 'removal period begins.'" *Id.* at 1223.

24

25

26  REPORT AND RECOMMENDATION
    PAGE – 4

The Court found, however, that "an alien is not subject to INA § 241 detention until the removal period begins." *Id.* at 1224.  The Court further found "Judge Theiler's analysis of the 'when released' term of INA § 236(c) and the Honorable William L. Dwyer's analysis of that term in a similar context to be correct," and ordered that the case be remanded to the Immigration Court for an individualized bond hearing.  *Id.*  On May 11, 2004, Judgment was entered in petitioner's favor.  (Dkt. #24).  The Immigration Judge thereafter ordered petitioner's release, and petitioner was released on $7,500 bond.  (Dkt. #25 at 2).  This Court's dispositive Order and the appended R&R have been published.  *See Quezada-Bucio*, 317 F. Supp. 2d at 1221.

On July 7, 2004, petitioner moved this Court for an award of attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA").[3]  (Dkt. #25).  On July 7, 2004, respondents filed a Notice of Appeal to the Ninth Circuit Court of Appeals.  (Dkt. #26).  By agreement of the parties, petitioner's motion for attorneys' fees has been held in abeyance.  (Dkt. #29).  The parties thereafter agreed that the instant EAJA fee motion should be reactivated, and the Court reopened the matter.  (Dkt. #36, #37).  The EAJA fee motion is now ready for review.

### III.  DISCUSSION

The Equal Access to Justice Act ("EAJA") provides, in relevant part, as follows:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).   Accordingly, the Court must determine whether

---

[3]Contrary to respondents' contention, petitioner is not seeking EAJA fees for work performed in the administrative proceedings before the Immigration Judge or the Board of Immigration Appeals.  (Dkt. #45 at 5).

REPORT AND RECOMMENDATION
PAGE – 5

1  petitioner was the "prevailing party" in this action, and then whether the position of the United States

2  was "substantially justified," or whether "special circumstances" exist making an EAJA fee award

3  unjust.

4      Respondents do not dispute that petitioner is the "prevailing party" for the purpose of

5  awarding fees and costs against the United States.   However, respondents argue that the

6  government's positions in this case have been substantially justified, disqualifying petitioner from

7  eligibility to recover attorneys' fees under EAJA.

8      A.  Substantially Justified

9      The Supreme Court has defined the term "substantially justified" as "justified in substance or

10  in the main – that is, justified to a degree that could satisfy a reasonable person."        *Pierce v.*

11  *Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988).  To be substantially

12  justified, the government must have "a reasonable basis both in fact and in law." *Id.* at 568.  The

13  Ninth Circuit has held that "'[i]n making a determination of substantial justification, the Court must

14  consider the reasonableness of both 'the underlying government action at issue' and the position

15  asserted by the government in 'defending the validity of the action in court.'" *Al-Harbi v. INS*, 284

16  F.3d 1080, 1084 (9th Cir. 2002) (citations omitted).  In deciding whether the government's litigation

17  position is substantially justified, the EAJA "'favors treating a case as an inclusive whole, rather than

18  as atomized line items.'" *Id.* at 1085 (citations omitted).  While it is the government's burden, "the

19  government's failure to prevail does not raise a presumption that its position was not substantially

20  justified." *Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988).  Applying these standards, the Court

21  finds that the government's position in this matter was substantially justified.

22      Petitioner argues that the government's position – that petitioner was subject to mandatory

23  detention under INA § 236(c) – was not substantially justified.  Petitioner contends that the

24

25

26  REPORT AND RECOMMENDATION
    PAGE – 6

1     government's position had already been considered and rejected by Judge Dwyer in *Pastor-*

2     *Camarena*, holding that it was arbitrary and capricious for the government to interpret the "when

3     released" language of the statute to apply to aliens who had been released from state custody years

4     before coming into the custody of immigration officials for deportation proceedings. *Pastor-*

5     *Camarena*, 977 F. Supp. at 1418.[4] Petitioner thus asserts that it was arbitrary and capricious for the

6     government to interpret INA § 236(c) to include aliens, like petitioner, who were released from

7     incarceration many years before.

8         Respondents argue that their decision to litigate the reasonableness of the BIA's statutory

9     interpretation of the "when released" language was substantially justified because the authority cited

10   by petitioner was not pertinent to petitioner's case. Respondents argue that all of the cases cited by

11   petitioner, including *Pastor-Camarena*, examined the "when released" language as set forth in the

12   "Transition Period Custody Rules" of IIRIRA 303(b)(3), that were in effect prior to the effective date

13   of INA § 236(c). Petitioner's case, by contrast, is an IIRIRA "permanent rule" removal proceeding.

14   Respondents further argue that Judge Dwyer's decision in *Pastor-Camarena* had been superseded

15   by the BIA's decision in *Matter of Rojas*, 23 I&N Dec. 117 (BIA 2001) (en banc). In *Rojas*, the BIA

16   held that an alien who is released from criminal custody after the expiration of the TPCR, October

17   8, 1998, is subject to mandatory detention pursuant to Section 236(c), even if the alien is not

18   immediately taken into custody by immigration officials when released from incarceration. *Matter*

19   *of Rojas*, 23 I&N Dec. at 125. The BIA specifically rejected *Pastor-Camarena* and other district

20   court decisions which had addressed the effect of similar language in the transition period custody

21

22

23       [4]Judge Dwyer later denied the petitioner's motion for attorneys' fees, finding that the government's position in defending the case, although ultimately rejected, was "substantially justified" within the meaning of EAJA. *Pastor-Camarena v. Smith*, Case. No. 97-993WD, Dkt. #16.

24

25

26   REPORT AND RECOMMENDATION
<br>PAGE – 7

2c904159cf9e2381

rules, concluding that the "when released" language of 236(c) specifies the time at which the duty to detain a criminal alien arises, not the time when the alien must be taken into custody. *Id.* at 121.

The Court finds that although the government's position was incorrect, it was not unjustified. As the undersigned Magistrate Judge noted in the Report & Recommendation, the Ninth Circuit Court of Appeals had never resolved petitioner's argument. *Quezada-Bucio*, 317 F. supp. 2d at 1228. Although this Court ultimately adopted the reasoning in *Pastor-Camarena*, the Court recognized that "the question presented to the Court in *Pastor-Camarena* and the question presented in the instant case differ, in that *Pastor-Camarena* concerned the retroactive application of INA § 236(c) to an alien subject to IIRIRA's transitional rules not permanent rules." *Id.* at 1229. Moreover, as respondents point out, this Court acknowledged that two prior habeas decisions in this District had upheld the application of INA § 236(c) under *Matter of Rojas*, in situations where "the petitioners had been immediately taken into immigration custody after release from state prison, and then had been released for several months before being redetained by immigration authorities." *Id.* at 1231, n.6 (citing *Singsanavong v. Ashcroft*, Case No. C03-2329FDB, Dkt. #19; *Lopez v. Ashcroft*, Case No. C03-2632L, Dkt. #17).

Despite petitioner's claims to the contrary, there was no clear precedent regarding the application of INA § 236(c) to permanent rule removal proceedings. Rather, the most recent pronouncement on this subject was the BIA's en banc decision in *Matter of Rojas*, which held that the "when released" language specifies the time at which the duty to detain a criminal alien arises, not the time when the alien must be taken into custody. *See Matter of Rojas*, 23 I&N Dec. at 672 (rejecting the statutory interpretation in *Pastor-Camarena*). Accordingly, the Immigration Judge reasonably relied on *Matter of Rojas* in finding that petitioner was subject to mandatory detention pursuant to Section 236(c), despite the fact that he was not taken into immigration custody immediately upon his release from state custody. Contrary to petitioner's argument, a previous ruling

REPORT AND RECOMMENDATION
PAGE – 8

1   by a court that an agency's actions were arbitrary and capricious does not compel an award of

2   attorneys' fees. *See Kali*, 854 F.2d at 333 (citing *Andrew v. Bowen*, 837 F.2d 875, 878 (9th Cir.

3   1988)); *cf. Vacchio v. Ashcroft*, 404 F.3d 663, 675 (2nd Cir. 2005) (holding that an unsettled question

4   of law combined with a government position that was "far from unreasonable" amounts to substantial

5   justification).   Although the Court ultimately rejected respondents' position, the Court agrees that

6   respondents' decision to defend the BIA's statutory interpretation was reasonable and therefore

7   substantially justified.

8                            IV.  <u>CONCLUSION</u>

9          For the foregoing reasons, the Court finds that the government's position was substantially

10  justified, and recommends that petitioner's motion for attorneys' fees pursuant to the EAJA, 28

11  U.S.C. § 2412, be denied.  A proposed order accompanies this Report and Recommendation.

12          DATED this <u>18th</u> day of April, 2007.

13

14                                          Mary Alice Theiler
                                            United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24

25

26  REPORT AND RECOMMENDATION
    PAGE -9 -